# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRADLEY HAAG, CDCR #T-75535, <br><br> Plaintiff, <br><br> vs. <br><br> L.S. McEWAN; MS. RASKE; MS. DAVIDOWSKI; M. SHELTON; D. STONE, <br><br> Defendants. | Case No.   11cv0900 IEG (CAB) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)** <br><br> **(ECF No. 13)** |

James Bradley Haag ("Plaintiff"), currently incarcerated at Calipatria State Prison in Calipatria, California, is proceeding in pro se and *in forma pauperis* pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a).

In his Complaint, Plaintiff alleges his right to meaningful access to the courts has been violated due to Calipatria prison officials' enforcement of state regulations governing photocopy procedures, and in particular, a California Department of Corrections and Rehabilitation ("CDCR") Operations Manual provision requiring inmates to produce a court order before asking to duplicate 100 pages or more. *See* Compl. at 5-10. Plaintiff seeks no monetary relief, but rather, declaratory relief and an injunction prohibiting "further enforcement" of CAL. CODE REGS., tit. 15 § 3162(c) and Cal. Dep't of Corrections and Rehabilitation Operations Manual ("DOM") § 101120.15. *Id.* at 14.

## I. Procedural Background

On September 2, 2011, Defendants Davidosky,[1] McEwan and Stone filed a Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) (ECF No. 13).[2] On September 7, 2011, Defendant Shelton filed a Notice of Joinder (ECF No. 14). After being granted an extension of time in which to respond to Defendants' Motion, on October 31, 2011, Plaintiff filed a Response in Opposition (ECF No. 21), to which Defendants, on November 4, 2011, filed a Reply (ECF No. 22). After the matter was then submitted on the papers for disposition without oral argument pursuant to S.D. CAL. CIVLR 7.1.d.1, but before the Court issued its ruling, Plaintiff submitted a sur-Reply, which the Court has accepted for filing in light of Plaintiff's pro se status (ECF No. 24).

The Court now GRANTS Defendants' Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6) for failing to state a claim for the reasons set out below.

## II. Plaintiff's Allegations

Plaintiff alleges that on August 29, 2010, he was in Calipatria's D Facility Library assisting another inmate, Amos Lee White, and helping him to "mak[e] copies" and "process for mailing" three separate documents that were "destined" for the Central District of California and the California Attorney General's Office. (Compl. at 5.) Plaintiff claims to be "very experienced in these procedures" and was "handling these documents on behalf of White," who had a court deadline of September 10, 2010. (*Id.*; see also Pl.'s CDC 602 Inmate/Parolee Appeal Log No. Cal 10-1835 [ECF No. 1-1] at 1.) Plaintiff claims Library Technical Assistant ("LTA") Raske, citing CAL. CODE REGS., tit. 15 § 3162(c) and DOM § 101120.15,[3] refused to make the

---

[1] Plaintiff spells Defendant Davidosky's name as "Davidowski" in his pleading; however, the Court will use Defendants' spelling throughout.

[2] A summons upon Defendant Raske was returned by the U.S. Marshal on July 25, 2011 with a notation that service was attempted upon Raske but returned unexecuted because Raske is deceased (ECF No. 9). *See* FED.R.CIV.P.4(m); FED.R.CIV.P. 25(a)(1) (providing for dismissal of action against decedent unless a motion for substitution is made within 90 days after service of a statement noting death).

[3] CAL. CODE REGS., tit. 15 § 3162(c), effective Jan. 1, 2010, provides:

> A legal document to be duplicated for any inmate, including all exhibits and attachments, shall be limited to the maximum number of pages

requested copies because "the total was over 100 pages." (Compl. at 2, 5.) Plaintiff admits that on September 2, 2010, he and his "assistee" White were re-scheduled for Facility D law library access, and this time LTA Davidosky copied White's documents and mailed them to the Central District. (Compl. at 5.)

However, because Plaintiff "had been litigating [his] own case in the federal court system since June 2007," "long before" section 3162(c) and DOM § 101120.15 were amended to place page limit restrictions on prisoners' photocopy privileges, he "made a decision to challenge these Rules," and filed a CDC 602 Inmate Appeal related to the August 29, 2010 incident. (*Id.*) In his administrative appeal, as well as in his Complaint, Plaintiff contends that § 3162(c) and DOM § 101120.15 "impede[] an inmate's meaningful access to the courts." (Compl. at 5, 10; Pl.'s CDC 602 Log No. Cal 10-1835 ([ECF No. 1-1] at 2.)

Plaintiff specifically claims that as the Warden at Calipatria, Defendant McEwan is liable for "allowing/enabling" DOM § 101120.15's "unauthorized, illegal, [and] unconstitutional embellishment" to § 3162(c)–namely the "over 100 pages–get a court order verbiage." (Compl. at 2.) He claims LTAs Raske and Davidosky are liable for "improper enforcement" and "application" of § 3162 and DOM § 101120.15 by "refusing inmates ANY copies," "refusing to contact the Yard Captain" and refusing to properly document their refusals. (*Id.*) Finally, Plaintiff claims Defendant Shelton is liable for "failure to conduct an objective, honest investigation into Plaintiff's administrative appeal," (*id.* at), and Defendant Stone is liable for "sanctioning" Shelton's "lopsided" investigation and "accepting perfidious reports" from her staff related to Plaintiff's appeal. (*Id.* at 3.)

---

> needed for the filing, not to exceed 50 pages in total length, except when necessary to advance litigation. The inmate shall provide to designated staff a written explanation of the need for excess document length.

*Id.* DOM § 101120.15, governing photocopying/computer printouts, like § 3162(c), also provides that "[a] legal document to be duplicated for any inmate, including all exhibits and attachments, shall be limited to a maximum number of pages needed for the filing, not to exceed 50 pages in total length," and that "[r]equests by an inmate to duplicate a legal document exceeding 50 pages ... shall be granted when accompanied by a reasonable written explanation of the need." *Id.* Unlike Cal. Code Regs., tit. 15 § 3162(c), however, DOM § 101120.15 further provides: "In no event shall staff be required to duplicate a legal document exceeding 100 pages in length in the absence of a court order directing the duplication." *Id.*

Plaintiff's Complaint seeks no money damages, but instead, an injunction preventing Defendants from further enforcement of either CAL. CODE REGS., tit. 15 § 3162(c) or DOM § 101120.15, as well an a "judgment ordering the above 'rules' unconstitutional in that meaningful access to the courts in unfairly & illegally impeded." (*Id.* at 14.)

### III. Defendants' Motion to Dismiss

#### A. Defendants' Arguments

Defendants seek dismissal pursuant to FED.R.CIV.P. 12(b)(6), claiming: 1) Plaintiff "has no standing to file suit on behalf of White;" 2) his allegations are "insufficient to show that any non-frivolous claim was actually thwarted by any of the Defendants' conduct"; 3) Warden McEwan is improperly sued based on respondeat superior liability; and, 4) Plaintiff has failed to state a claim against Defendants Stone and Shelton because he "has no liberty interest in the prison grievance procedures in which they participated." (Defs.' P&A's in Supp. of Mot. to Dismiss [ECF No. 13-1] at 3; Shelton's Not. of Joinder [ECF No. 14] at 1-2.)

#### B. FED.R.CIV.P. 12(b)(6) Standard of Review

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009).

///

The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal,* 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a factual allegation."). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *Valadez-Lopez v. United States*, 656 F.3d 851, 858-59 (9th Cir. 2011).

In addition, claims asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972); *Erickson*, 551 U.S. at 94. Because "*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings, [courts] continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (noting that courts "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.")).

Finally, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings, except for exhibits which are attached. *See* FED.R.CIV.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *Jacobellis v. State Farm Fire & Casualty Co.*, 120 F.3d 171, 172 (9th Cir. 1997); *Allarcom Pay Television Ltd. v. General Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). "The focus of any Rule 12(b)(6) dismissal ... is the complaint." *Schneider*, 151 F.3d at 1197 n.1. Nevertheless, the court may also review "materials of which [it] may take judicial

notice." *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), including public records and "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. Nov. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

### C. Application to Plaintiff's Complaint

#### 1. Access to Courts

Prisoners have a constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). Under the First Amendment, a prisoner has "both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-1102 (9th Cir. 2010) (citing *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (*overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001))).

The Ninth Circuit has "traditionally differentiated between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference." *Id.* at 1102.

> With respect to the right to assistance, the Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Lewis* [*v. Casey*,] 518 U.S. [343], 355 [(1996)]; *Wolff v. McDonnell*, 418 U.S. 539, 579–80 (1974); *Johnson v. Avery*, 393 U.S. 483, 490 (1969). The right to litigation assistance, however, is limited to the tools prisoners need "in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355. Critical to the issue here, the right to legal assistance is also limited to the pleading stage. *Id.* at 384.

*Id.*

"In the interference line of cases, the Supreme Court has held that the First Amendment right to petition the government includes the right to file other civil actions in court that have a reasonable basis in law or fact." *Id.* (quotations and citations omitted). "This right does not require prison officials to provide affirmative assistance in the preparation of legal papers," but

///

1  it does forbid them from "erect[ing] barriers that impede the right of access of incarcerated
2  persons." *Id.* (citations omitted).

3  In *Silva*, the Ninth Circuit expressly noted that "*Lewis* does not speak to a prisoner's right
4  to litigate in the federal courts without unreasonable interference." *Id.* Thus, "[b]ecause the
5  Supreme Court has not limited a prisoner's right of access to the courts to the pleading stage in
6  this circumstance," *Silva* holds that "prisoners have a right under the First and Fourteenth
7  Amendments to litigate claims challenging their sentences or the conditions of their confinement
8  to conclusion without *active interference* by prison officials." *Id.* at 1103 (italics original).

9  Regardless of whether a prisoner's access to courts claim is based on his right to
10 affirmative assistance or his right to litigate without active interference, however, he must also
11 allege: (1) a nonfrivolous legal attack on *his* conviction, sentence, or conditions of confinement
12 has been frustrated or impeded, and (2) *he* has suffered an actual injury as a result. *Lewis*, 518
13 U.S. at 353-55 (emphasis added). As an element of any access to courts claim, actual injury "is
14 a jurisdictional requirement that flows from the standing doctrine and may not be waived."
15 *Nevada Dept. of Corrections v. Cohen*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518
16 U.S. at 348). This is primarily where Plaintiff's claim fails.

17 First, to the extent Plaintiff seeks to premise his access to courts injury on LTA Raske's
18 refusal to fill the photocopy requests he made on behalf of his his "assistee" inmate White on
19 August 29, 2010, he lacks standing to assert such a claim. "[C]onstitutional claims are personal
20 and cannot be asserted vicariously." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.
21 1997) (citing *United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990)). While a
22 non-attorney, like Plaintiff, may appear pro se on his own behalf, "that privilege is personal to
23 him," and "[h]e has no authority to appear as an attorney for others than himself." *Id.* at 877;
24 *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

25 Second, while Plaintiff does refer to two of *his own* "separate actions in progress in the
26 Ninth Circuit," one in the "Appeals/Motions Unit" and another with the "Office of the Circuit
27 Executive / Judicial Council," where he alleges § 3162(c) and DOM § 101120.15's page-
28 limitations have "severely restrict[ed] [his] access to the Ninth Circuit," he has failed to further

allege that he has, in fact, suffered any "actual injury" in either case. (*See* Pl.'s Mem. of P&A's in Supp. of Compl. (ECF No. 1-2) at 3. An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Cohen*, 648 F.3d at 1018; see *also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, with respect to his own litigation, Plaintiff claims he has had to "ask for permission" to exceed page limitations by "submitt[ing[] a motion to exceed 100 pages" with the Office of the Circuit Executive and a similar "Motion for Standing Court Order" in the Ninth Circuit's Appeals/Motions Unit related to an appeal in Eastern District of California habeas proceedings challenging his "wrongful conviction." (P&A's in Supp. of Compl. [ECF No. 1-2] at 11.) However, Plaintiff does not further allege to have been denied permission to exceed those page limitations, to have had any litigation dismissed as a result of page-limitations or to have lost the ability to present any non-frivolous claim in either proceeding.

In fact, Plaintiff's litigation history in the Ninth Circuit confirms Defendants' argument that Plaintiff's allegations of harm merely speculate an anticipated injury in future proceedings before the Ninth Circuit–specifically Plaintiff's need to obtain a certificate of appealability ("COA") before the Ninth Circuit will entertain an appeal of the denial of his petition for writ of habeas corpus in *Haag v. Tilton*, E.D. Cal. Civil Case No. 07-0856-DLB (9th Cir. No. 11-15592).[4] In *Haag*, E.D. Cal. 07-0856-DLB, U.S. District Judge Denis L. Beck denied Plaintiff's habeas petition, which raised twenty-two separate grounds for relief pursuant to 28 U.S.C. § 2254 on February 23, 2011. Judge Beck further directed the Clerk to enter judgment, and declined to issue a COA pursuant to 28 U.S.C. § 2253(c) (ECF No. 97) as to *any* of Plaintiff's habeas claims.

---

[4] As noted above, this Court may take notice of Plaintiff's filings in the Ninth Circuit because he refers to those proceedings in his Complaint and because they "have a direct relation to the matters at issue" in this case. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking notice of judicial proceedings in another court); *see also Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (matters subject to judicial notice may be considered under FED.R.CIV.P. 12(b)(6)).

However, both the Eastern District and Ninth Circuit's dockets reveal that Plaintiff filed a Notice of Appeal on March 10, 2011 as well a Motion for Reconsideration in the Eastern District on March 17, 2011, followed by a separate Motion for COA, Appointment of Counsel and a "Motion for Standing Order Allowing Appellant to Make and Submit Necessary Required Copies of Essential Documents" in the Ninth Circuit on March 25, 2011, March 28, 2011 and April 11, 2011, respectively. *All* of these matters remain pending before the Eastern District and Ninth Circuit; *none* of them have been rejected or denied. Therefore, Plaintiff cannot point to any of these proceedings as evidence of "actual injury." *Lewis*, 518 U.S. at 348; *Cohen*, 648 F.3d at 1018.

As for the other "action" Plaintiff alleges to have filed in the "Office of Circuit Executive / Judicial Council" (Pl.'s P&As in Supp. of Compl. [ECF No. 1-2] at 3), his Complaint fails to sufficiently identify the nature of that action. First, Plaintiff must allege that the litigation thwarted by Defendants' application of § 3162(c) or DOM § 101120.15 involves an "attack [on his] sentence[], [either] directly or collaterally," or is a civil rights action which "challenge[s] the conditions of [his] confinement." *Lewis*, 518 U.S. at 355. This is because the constitutional right to access the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* Unlike Plaintiff's ongoing habeas litigation, he describes this second action only minimally in his Complaint, does not identify it either as a direct appeal, habeas or civil rights action, and does not sufficiently plead any other facts related to it which might reveal its "nonfrivolous" nature. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002) ("[L]ike any other element of an access claim[,] ... the predicate claim [which is alleged to have been frustrated or impeded by defendants' actions] must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of th[at] underlying claim is more than hope.").[5]

---

[5] In his Opposition, Plaintiff describes in his second action as a "Judicial Council Complaint" which "addressed substantial misconduct and bias in the course of approximately 3½ years of Plaintiff's habeas proceedings in the Fresno Eastern District Court." (Pl.'s Opp'n [ECF No. 21] at 31.) However,

For this additional reason, Plaintiff has failed to state a claim for denial of his right to access to the courts, and Defendants' Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6) must be granted.

### 2.   Prison Grievance Procedures

While it is not entirely clear Plaintiff intends to allege a separate due process claim against Defendants Stone and Shelton based on their roles in processing and reviewing his CDC 602 inmate appeal regarding enforcement of CAL. CODE REGS., tit. 15 § 3162(c) and DOM § 101120.15, his allegations nevertheless fail to state such a claim.

The Fourteenth Amendment provides that: "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). To state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

However, the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

---

a complaint of judicial misconduct is not a direct appeal or collateral attack on Plaintiff's conviction, nor is it a civil rights action challenging the conditions of confinement. *Lewis*, 518 U.S. at 355; *see also Wiseman v. Hernandez*, 2009 WL 5943242 at *14 (S.D. Cal. 2009) (unpublished) (finding judicial misconduct complaint not entitled to access to court protections). Moreover, while Plaintiff claims this proceeding was dismissed by Ninth Circuit Chief Judge Kozinski on April 7, 2011, and a subsequent petition for review was denied on May 25, 2011, he does not further allege the misconduct complaint was dismissed *because* of any Defendants' enforcement of CAL. CODE REGS., tit. 15 § 3162(c) or DOM § 101120.15. (Pl.'s Opp'n at 29.) Finally, Plaintiff admits to have filed a subsequent "Request for Review and Investigation" to the United States Judicial Conference, "[b]ut to date, no Opinion has been tendered." (*Id.*) Thus, even if a Judicial Council Complaint were the type of proceeding protected by his constitutional right to access to the court, Plaintiff has not yet suffered any "actual injury" related to that proceeding either. *Lewis*, 518 U.S. at 348; *Cohen*, 648 F.3d at 1018.

1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure.")).

In addition, Plaintiff has failed to plead facts sufficient to show that either Defendant Stone or Shelton deprived him of a protected *liberty* interest by allegedly "fail[ing] to conduct an objective, honest investigation into [his] administrative appeal," (Compl. at 3), or otherwise failing to respond to his grievance in a manner Plaintiff found satisfactory.  While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Stone and Shelton:  (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff pleads nothing to suggest how the allegedly "lopsided" investigation of his CDC 602 grievance resulted in any "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

Thus, to the extent Plaintiff intends to separately challenge the procedural adequacy of inmate grievance procedures, his Complaint also fails to state a claim pursuant to FED.R.CIV.P. 12(b)(6).

### 3. Mootness

Finally, to extent Plaintiff admits CDCR officials have ceased enforcement of DOM § 101120.15's prohibition of duplication of a legal document exceeding 100 pages in the absence of a court order since the time he initiated this action, *see* Pl.'s Opp'n at 21, his claims for injunctive relief as to that provision appear moot. *See NASD Dispute Resolution, Inc. v. Judicial Council,* 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal moot because other circumstances had already provided plaintiffs "the relief sought by them in this case.").

## IV.  Conclusion and Order

Based on the foregoing, the Court hereby:

1)  **DISMISSES** all purported claims as to Defendant Raske pursuant to FED.R.CIV.P. 4(m) and 25(a)(1); and

///

2) **GRANTS** Defendants' McEwan, Davidosky, Shelton and Stone's Motion to Dismiss Plaintiff's Complaint for failing to state a claim pursuant to FED.R.CIV.P. 12(b)(6) (ECF No. 13). Moreover, because the Court finds amendment of Plaintiff's claims would be futile, leave to amend in this matter is **DENIED**. *See Vasquez v. Los Angeles County*, 487 F.3d 1246, 1258 (9th Cir. 2007) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend) (internal citation omitted).

3) The Court further **CERTIFIES** that an IFP appeal in this matter would *not* be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED.R.APP.P. 24(a)(3)(A); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of IFP status is appropriate where district court certifies appeal would be frivolous).

The Clerk shall enter judgment for Defendants and close the file.

**IT IS SO ORDERED.**

DATED: **December 14, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**